UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**IN RE ACURA PHARMACEUTICALS, INC. SECURITIES LITIGATION**

Case No. 10 C 5757

Hon. Virginia M. Kendall

### PLAINTIFFS' MOTION TO SUBSTITUTE A PARTY

Pursuant to Fed. R. Civ. P. Rule 25(a)(1), Lead Plaintiffs respectfully submit this timely motion to substitute a party for deceased defendant Mr. Andrew Reddick in this putative class action. Defendants' Notice of the Death of Andrew D. Reddick was filed on May 13, 2011. Lead Counsel have been advised by Counsel for Defendants that Ms. Jennifer Reddick is the Executrix of the Estate of Mr. Reddick and Mr. Reddick's spouse at the time of his death. *See* Exhibit 1 attached hereto.[1] Plaintiffs seek to substitute Ms. Reddick as the proper defendant.

Federal Rule of Civil Procedure 25(a)(1) sets forth the requirements for filing a motion for substitution of a party due to death:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Motions for substitution of a party are routinely granted. *In re Pemstar, Inc. Sec. Litig.*, 2003 WL 21975563 at *10 (D. Minn. Aug. 15, 2003); *Arana v. Martin*, 1992 WL 71759 at *2 (N.D. Ill. Apr. 1, 1992); *Rende v. Kay*, 415 F. 2d 983, 984 (D.D.C. 1969).

---

[1] In the event that it is determined that Ms. Reddick is not the proper defendant, Plaintiffs respectfully submit that the foregoing relief be without prejudice to move at a later time to substitute the proper party.

As alleged in Amended Class Action Complaint ("Complaint") filed on March 14, 2001, throughout the Class Period, Defendant Reddick was the President, Chief Executive Officer, and a Director of Acura Pharmaceuticals, Inc. Complaint at ¶ 32. Mr. Reddick personally signed and certified Acura SEC filings containing the misrepresentations and omissions that form the basis of this lawsuit for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Id.* The Complaint alleges that, during his tenure, Mr. Reddick knew or recklessly disregarded the material falsity of the statements and omissions during the Class Period. *Id.* at ¶¶ 1, 12–13, 17, 19, 21–24, 109–113, 117–118, 119–123.

Mr. Reddick was a timely and properly named individual defendant in this action for violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934. The Exchange Act claims against Defendant Reddick have not been extinguished. *Cont'l Assurance Co. v. Am. Bankshares Corp.*, 483 F. Supp. 175, 178 (E.D. Wisc. 1980) (holding that plaintiff's federal securities law claims survive defendant's death). Ms. Reddick is the proper party for substitution because she is both the representative of Mr. Reddick's estate as the executrix and a successor of the estate as his wife. *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("Thus, we have held not only that an executor or administrator of a decedent's estate is a proper party for substitution, but also that the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party."); *see also In re Pemstar* at *10 (holding plaintiff's substitution of deceased individual defendant's wife in context of Section 10(b) claim to be proper).

This motion has been timely made within 90 days of the Notice of Death. *See* Fed. R. Civ. P. Rule 25(a)(1). On information and belief, Jennifer Reddick is the proper substitute defendant as the spouse of Mr. Reddick and the Executrix of the Estate. The Exchange Act

claims against Mr. Reddick have not been extinguished. Plaintiffs respectfully request that the motion be granted.[2]

Dated: August 3, 2011                     SUSMAN HEFFNER & HURST LLP

                                                                   By:   /s/ Matthew T. Heffner

Matthew T. Heffner
20 South Clark Street, Suite 600
Chicago, Illinois 60603
Telephone: (312) 346-3466
Facsimile: (312) 346-2829

*Local Counsel for Lead Plaintiffs the Acura Shareholder Investors Group*

KAHN SWICK & FOTI, LLC
Kim E. Miller
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiffs the Acura Shareholder Investors Group*

---

[2] Defendants do not consent to the motion but at the time of this filing had not informed Plaintiffs whether or not they would oppose the motion.